UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


RHONDA J.  TURPIN,                    )        CASE NO.1:14 CV 0604
                                      )
           Petitioner,                )        JUDGE JOHN R. ADAMS
                                      )
      v.                              )        MEMORANDUM OF OPINION
                                      )        AND ORDER
WARDEN,                               )
                                      )
           Respondent.                )


        *Pro se* petitioner Rhonda Turpin filed a habeas corpus action against "the Warden"

pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Connecticut.  *See*

*Turpin v. Warden*, No. 3:14cv0255 (D. Conn. Feb. 27, 2014)(Thompson, J.) Turpin, who is confined

at the Federal Prison Camp in Danbury, Connecticut ("F.P.C. Danbury"), sought immediate release

from prison based on "time served."  Upon initial review of the petition, Judge Alvin W. Thompson

concluded Turpin was challenging the imposition of her sentence.  As such, he transferred the matter

to the Northern District Court of Ohio, where her original sentence was imposed.  For the reasons

set forth below, the petition is denied.

*Background*

        Turpin was indicted in this Court on two counts of government securities theft in 2003.  *See*

*United States v. Turpin*, No. 1:03-cr-00478 (N.D. Ohio filed Dec.10, 2003)(Wells, J.)  She entered

a guilty plea to both Counts on February 12, 2004.  Judge Lesley Wells sentenced Turpin to serve

concurrent terms of 27 months on both counts.  A special assessment of $200.00 was imposed, along

with restitution in the amount of $36,388.00.  Turpin self-surrendered to Alderson Prison Camp on October 18, 2004.

On June 22, 2005, Turpin was named in a 61-count indictment filed in this Court.  *See United States v. Turpin, et al.*, No. 1:05cr303 (N.D. Ohio)(Adams, J.)  She pleaded not guilty to the charges.

A bench trial commenced in this Court on August 30, 2006.  Turpin was found guilty on Counts 1-9, Counts 11-16, Count 21, Counts 26-56, and Counts 58-61 of the indictment.  She was sentenced on January 26, 2007 to serve concurrent terms of 188 months as to Counts 1-9, 11-16, 21, 26-56, and 58-61.  A supervised release term was imposed for 5 years, along with a special assessment of $5,000 and restitution due in the amount of $300,302.95.

Turpin challenged her conviction on appeal to the Sixth Circuit, arguing the Court imposed a sentence beyond the statutory maximum for all but two of the 55 counts.  The appeals court affirmed Turpin's conviction, but remanded the case for re-sentencing finding this Court improperly imposed a 188-month sentence for each count.  *See United States v. Turpin*, No. 07-3554, 2009 WL 723136  (6th Cir. Mar. 19, 2009).

Turpin was re-sentenced on November16, 2009.  An amended Judgment and Commitment (J&C) was issued on December 1, 2009 to correct the date from which she was entitled to credit for time-served. The relevant sentence remains in effect today.

Turpin now argues the Court improperly relied on "Blockburger" to calculate her sentence.[1]  She believes the case was "repealed," thus rendering her sentence illegal.

*Initial Review*

This matter is before the Court for initial screening. 28 U.S.C. § 2243; *Harper v. Thoms*, No.

---

[1]The Court believes this is a reference to *Blockburger v. United States*, 284 U.S. 299 (1932).

02-5520, 2002 WL 31388736, at *1 (6th Cir. Oct. 22, 2002). A court is required to award an application for writ of habeas corpus "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The Sixth Circuit has consistently held that "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner." *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), *cert. denied* 400 U.S. 906 (1970)(citations omitted). Turpin has not met her burden.

*28 U.S.C. § 2241*

Without question, claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Cabrera v. United States*, 972 F.2d 23, 25-26 (2d Cir.1992); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir.1979). Turpin filed her petition pursuant to 28 U.S.C. §2241, however, which generally addresses challenges to the execution or manner in which a sentence is served. These petitions are filed in the court having personal jurisdiction over the prisoner's custodian. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)).

A federal prisoner may bring a § 2241 claim challenging his or her conviction or the imposition of sentence, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir.1997). A section 2255 remedy is never considered inadequate or ineffective merely because an individual is unable to obtain relief under that provision. *See e.g., Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir.1999) (per curiam).

In her appeal to the Sixth Circuit, Turpin raised two Fifth Amendment challenges for the first

-3-

time. *See Turpin*, 2009 WL 723136, at *3.  Because these double jeopardy claims were not brought

before the district court, the appeals court determined the claims were forfeited pursuant to *United*

*States v. Branham*, 97 F.3d 835, 841-42 (6th Cir.1996).  *Id.*  The Sixth Circuit further noted that

while plain error might save Turpin's claims, in her case, there was "no error at all, much less plain

error. *See id.*"  The court went on to hold:

> Applying the well-established *Blockburger v. United States* test, 284
> U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), we find that the
> statutory offenses have different elements, and therefore pass muster.
> *Id*. at 304, 52 S.Ct. 180. ("[W]here the same act or transaction
> constitutes a violation of two distinct statutory provisions, the test to
> be applied to determine whether there are two offenses or only one,
> is whether each provision requires proof of a fact which the other
> does not.")

*Id.*  Clearly, Turpin exercised her opportunity to raise any concerns regarding *Blockburger* prior to

filing the petition before this Court.  Regardless of how meritless the claim may be, she cannot now

assert that the remedies to test the legality of her sentence are "inadequate or ineffective." Section

2255 is not considered "inadequate or ineffective" merely because § 2255 relief has already been

denied, *see In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir.1997), *Tripati v. Henman*, 843 F.2d 1160,

1162 (9th Cir.), *cert. denied*, 488 U.S. 982 (1988), or because the petitioner is procedurally barred

from pursuing relief under § 2255, *see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); *Garris*

*v. Lindsay*, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), *cert. denied*, 479 U.S. 993 (1986), or

because the petitioner has been denied permission to file a second or successive motion to vacate.

*See In re Davenport*, 147 F.3d 605, 608 (7th Cir.1998).

*Conclusion*

Based on the foregoing, Turpin has not established she is entitled to habeas relief pursuant

to 28 U.S.C. §2241.  Accordingly, this action is dismissed pursuant to 28 U.S.C. § 2243. The Court

certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in

good faith.[2]

     IT IS SO ORDERED.


Date: 7/29/14                                 */s/ John R. Adams*
                                     JOHN R. ADAMS
                                     UNITED STATES DISTRICT JUDGE

---

[2]28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."